UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAYLYN MARIE CUNNINGHAM,

    Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC,

    Defendant.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JAYLYN MARIE CUNNINGHAM (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and Equifax transacts business within this District

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff has a twin sister, Jazlyn M. Cunningham, and upon information and belief has had her credit file mixed with her sister since she was eighteen years old. This was discovered when Plaintiff's twin sister was denied a Discover credit card.

14. Recently, Plaintiff's twin sister was shopping for automobile insurance and was being quoted unusually high rates. Upon investigation, the high rates were due to information and accounts appearing on Plaintiff's twin sister's credit reports which actually belonged to Plaintiff.

15. After learning of this error, Plaintiff attempted to obtain copies of their credit reports to determine the inaccurate information being reported to their credit files.

16. On or about September 8, 2023, Plaintiff's twin sister accessed a copy of her Equifax credit report online.

17. On that same date, on or about September 8, 2023, Plaintiff attempted to obtain a copy of her Equifax credit report online. Plaintiff received an error message stating her credit reporting was not available because it had already been accessed. Plaintiff had not made any attempts prior to that time to access her credit report.

18. On or about September 9, 2023, Plaintiff was able to review her Equifax credit report through her credit monitoring app. Upon review, Plaintiff became aware of five (5) accounts being reported to her credit report which belonged to Plaintiff's twin sister:

    i.    Bank of America with a balance of $541;

    ii.    Capital One with a balance of $82;

      iii.      Wells Fargo Card Services with a balance of $731;

      iv.      Discover Bank with a balance of $1,639;

      v.      Capital One with a balance of $40;

19. On or about September 14, 2023, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 230914-12008870, 230914-12008871, 230914-12008851.

20. In the CFPB report, Plaintiff detailed the fact that accounts and information believed to belong to her twin sister were being reported on her credit file. Plaintiff requested an investigation into the inaccurate reporting.

21. Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

22. Upon information and belief, Equifax failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous accounts on her credit report.

23. On or about October 10, 2023, Plaintiff mailed a detailed dispute letter to Equifax regarding the inaccurate reporting. In the letter, Plaintiff explained she has a twin sister and information and accounts belonging to her twin sister were appearing on Plaintiff's consumer report. In the letter, Plaintiff included an image of her driver's license, social security card, and lease agreement as proof of identity.

5

Plaintiff also included images of the erroneous reporting and copies of her twin sister's driver's license, social security card, and W2 as proof that Plaintiff and her twin sister are two separate people.

24. Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9505 5154 4132 3283 1621 48.

25. On or about October 17, 2023, Equifax responded to Plaintiff's detailed dispute letter by stating it needed additional documents from Plaintiff to verify her identity.

26. Equifax failed to do any independent investigation into Plaintiff's dispute, despite providing all of the personal identifiable information and supporting documentation needed.

27. Equifax never attempted to contact Plaintiff during the alleged investigation.

28. On or about November 13, 2023, Plaintiff obtained a copy of her Equifax credit report. Upon review, Plaintiff observed that three (3) of the five (5) erroneous accounts had been removed. However, Equifax continued to report the erroneous Capital One account number ending in 8331 with an increased balance of $99 with a comment, "Account previously in dispute". Further, Equifax continued to report the Capital One account number ending in 7071 with an increased balance of $73 with a comment, "Consumer disputes this account information".

29. Due to the continued inaccurate reporting, on or about November 29, 2023, Plaintiff sent another detailed dispute letter to Equifax. In the letter, Plaintiff reiterated she had a twin sister and information and accounts belonging to her twin sister was appearing on Plaintiff's consumer report. In the letter, Plaintiff included an image of her driver's license, social security card, and lease agreement as proof of identity. Plaintiff also included images of the erroneous reporting, images of the filed CFPB complaints, and copies of her twin sister's driver's license, social security card, and W2 as proof that Plaintiff and her twin sister are two separate people.

30. Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9407 1112 0620 4838 7751 24.

31. To date, Plaintiff has not received dispute results from her latest dispute letter.

32. Despite Plaintiff's best efforts to have the inaccurate information corrected, Equifax continues to report erroneous accounts on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

33. Equifax has kept the erroneous accounts on Plaintiff's credit report despite being notified by Plaintiff that Plaintiff was not the debtor and a victim of a mixed file with her twin sister. Equifax received all the information necessary to clarify an obvious mixed file in Plaintiff's first dispute letter.

34. Plaintiff has been recently abstaining from applying for credit because the erroneous reporting is destroying her ability to get credit.

35. Plaintiff continues to suffer as of the filing of this Complaint with Equifax's reluctance to conduct a thorough investigation into her disputes or otherwise make her consumer file accurate.

36. Equifax clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the credit reports it publishes.

37. As a result of the action and/or inaction of Equifax, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Equifax's reluctance to fix the errors;

   iv. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

  v.  Defamation as Equifax published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

38. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-seven (37) as if fully stated herein.

39. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

40. Equifax has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Equifax is aware that twin siblings tend to have similar names, exact same last names, and exact dates of births. Usually their social security numbers are one digit apart, despite having this knowledge, Equifax fails to identity the mixed files of twins and continues to include the other sibling's name in its records. On occasion, Equifax has delivered correspondence or reports belonging to Plaintiff to her twin sister.

9

41. Equifax allowed for Furnisher(s) to report inaccurate information on an account. Equifax failed to have policies and procedures to avoid misreporting accounts.

42. Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

43. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

44. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JAYLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Willful)

46. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-seven (37) as if fully stated herein.

47. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

48. Equifax has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Equifax is aware that twin siblings tend to have similar names, exact same last names, and exact dates of births. Usually their social security numbers are one digit apart, despite having this knowledge, Equifax fails to identity the mixed files of twins and continues to include the other sibling's name in its records. On occasion, Equifax has delivered correspondence or reports belonging to Plaintiff to her twin sister.

49. Equifax allowed for Furnisher(s) to report inaccurate information on an account. Equifax failed to have policies and procedures to avoid misreporting accounts.

50. Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

51. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

52. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

53. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JAYLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**

## Defendant, Equifax Information Services LLC (Negligent)

54. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-seven (37) as if fully stated herein.

55. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Equifax knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Equifax blatantly ignored some of Plaintiff's disputes.

56. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

57. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

58. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

59. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JAYLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Willful)

60. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-seven (37) as if fully stated herein.

61. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Equifax knew there were two different names

associated with Plaintiff's file but failed to take any independent action to resolve the issue. Equifax blatantly ignored some of Plaintiff's disputes.

62. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

63. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

64. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

65. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JAYLYN MARIE CUNNINGHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAYLYN MARIE CUNNINGHAM, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of December 2023.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

            ***/s/ Frank H. Kerney, III, Esq.***
            Frank H. Kerney, III, Esq.
            Florida Bar No.: 88672
            Tennessee Bar No.: 035859
            The Consumer Lawyers PLLC
            412 E. Madison St. Ste 916
            Tampa, Florida 33602
            Telephone: 844.855.9000
            Facsimile: 844.951.3933
            Frank@TheConsumerLawyers.com
            *Attorneys for Plaintiff*